Argued March 4; affirmed March 24, 1942

## PETKE *v.* PRATT ET AL.
### (123 P. (2d) 797)

Before KELLY, Chief Justice, and BELT, BAILEY, LUSK, RAND, ROSSMAN and BRAND, Associate Justices.

*Will H. Masters*, of Portland, for appellant.
*Frank H. Reeves*, of Portland, for respondent.

KELLY, C. J. By stipulation, the following are admitted facts in this case:

On the 7th day of July, 1932, defendant, Liquidators, Inc., secured a valid judgment against Amelia A. Sturges, in the amount of $41, with interest from the 10th day of June, 1926, and for costs in the amount of $5.75. That on said 7th day of July, 1932, said judgment was duly entered in the District Court of the county of Multnomah, state of Oregon; and on the 14th day of July, 1932, said judgment was duly transcribed to the Circuit Court of the state of Oregon, county of Multnomah, under register T 8290 in judgment docket 28 on page 210 thereof; and that said judgment has not at any time been satisfied and still stands as a matter of record in said judgment lien docket.

The record of the Department of Probate of the Circuit Court of Multnomah county, which is in evidence herein, discloses the following facts:

That said Amelia Sturges died intestate on or about the 16th day of December, 1933, in Portland, Multnomah county, Oregon, leaving an estate in said county and state consisting of real property.

On January 7, 1935, R. B. Sturges, a son of Amelia A. Sturges, was appointed administrator of her estate.

On January 22, 1935, an inventory and appraisement was filed in which it is shown that the only property belonging to said Amelia A. Sturges, at the time of her death, was the real property in suit, namely:

Lot 7, Bownes Addition to the city of Portland, Multnomah county, Oregon, also known as 1624 40th Avenue, Portland, Oregon.

On January 30, 1935, said R. B. Sturges, as such administrator, filed a petition for an order to sell said real property. Neither the judgment lien of defendant Liquidators, Inc., nor said defendant, Liquidators, Inc., is mentioned in said petition; although section 19-806, O. C. L. A., provides, among other things, that the amount and nature of any liens should be stated.

Based on said petition, on said January 30, 1935, an order was made by said Probate Department of the Circuit Court of Multnomah county, Oregon, directing that citation issue to R. B. Sturges, Frank W. Sturges and George H. Sturges, who are the three sons of said Amelia A. Sturges, deceased, to appear and show cause, if any exists, why an order of sale as prayed for in said petition should not be made.

On February 1, 1935, said citation was duly and regularly served upon said George H. Sturges, in Multnomah county, Oregon, and written consent of R. B. Sturges and Frank H. Sturges to said sale was filed on March 25, 1935.

On said March 24, 1935, an order was duly given and made by said probate department of said circuit court, directing that the real property in suit be sold at private sale.

On May 15, 1935, said R. B. Sturges, as such administrator, filed a report of sale of said real property. That, among other things, said report of sale sets forth the following facts:

> "That as shown by the petition for an order to sell said real property there was an indebtedness against the same amounting to $2831.71 in favor of the Metropolitan Life Insurance Company and for taxes and in addition thereto there will be some interest; that it will also be necessary

to pay C. L. Klein $75.00 as commission in the sale thereof. That the appraised value of said property as shown by the inventory and appraisement is $3100.00. That said offer of Loren D. Petke is $525.00 cash on account of which there has been paid the said C. L. Klein the sum of $100.00; the balance of the purchase price to be paid by note of Loren D. Petke payable at the rate of $15.00 per month with interest at the rate of 6% per annum on deferred payments.''

''That upon the sale of said property it will be necessary to pay the following sums of money to the Metropolitan Life Insurance Company:

| | |
|---|---|
| Accrued interest to January 1, 1935 | $253.00 |
| Taxes advanced by Metropolitan Life Ins. Co. | 142.71 |
| Interest on taxes advanced (approximately) | 4.00 |
| Bill for continuation of abstract | 8.00 |
| Insurance premium advanced by Metropolitan Life Insurance Co. | 15.00 |
| Attorney's fees Metropolitan Life Insurance Co. | 50.00 |
| Total | $472.71 |

''That the Administrator will also have to pay 1933-4 taxes, penalty and interest amounting to approximately $65.00. That the purchaser will assume as of January 1, 1935, the mortgage in favor of the Metropolitan Life Insurance Company upon which there is a balance of principal amounting to $2299.00. That said mortgage, interest, and taxes are delinquent and in default and it is to the best interests of said estate that said property be sold to Loren D. Petke.''

That, except as above quoted, there is in said administrator's report of sale no reference to any incumbrance or lien upon the real property in suit; and the judgment lien of defendant Liquidators, Inc., is not mentioned therein.

On July 5, 1935, an order was made and entered by said probate court confirming said sale to said plaintiff herein.

By further stipulation, it was admitted that on July 22, 1935, said administrator deeded the property in suit to the plaintiff, said deed being recorded in deed book 301, page 238.

By allegations in the complaint and admissions in the answers, it is an admitted fact, "That the said defendant Liquidators, Inc. has caused an execution to be issued on said judgment with the Clerk of the Circuit Court of Multnomah County, State of Oregon, and has placed the same in the hands of the defendant Martin T. Pratt, Sheriff of Multnomah County, State of Oregon, with instructions to levy upon the property above described to sell the same to satisfy said judgment." And, "that unless restrained by this court, the sheriff will proceed to sell said property."

The question is thus presented whether the judgment lien of defendant Liquidators, Inc., upon the real property in suit was discharged by the administrator's sale of said property to plaintiff and was thereby attached to the proceeds of said sale after deducting the expenses thereof.

Section 19-1102, O. C. L. A., provides for the order of payment of charges and claims against the estate of a decedent, which have been presented and allowed, or presented and disallowed, but subsequently established by judgment or decree within the first six months after the date of the notice of appointment of the executor or administrator. Vol. 2, O. C. L. A., pp. 624-5.

Subdivision 6 of said section 19-1102, specifically includes within the terms of said section, "debts which, at the death of the deceased, were a lien upon his

property, or any right or interest therein, according to the priority of their several liens."

Section 19-1103, O. C. L. A., provides that the preference given by said subdivision 6 shall only extend to the proceeds of the property on which the lien exists, and as to such proceeds, such debt is to be preferred to any of the classes mentioned in said section 19-1102, other than the taxes upon such property. Vol. 2, O. C. L. A., p. 626.

Section 19-1104, O. C. L. A., is as follows:

"If such debt has been established by judgment or decree against the deceased in his lifetime, such judgment or decree, if the proceeds of the personal property be not sufficient to satisfy it, may, in the discretion of the court or judge thereof, be either satisfied from the proceeds of the sale of the property by the executor or administrator, upon which it is a lien, or enforced by execution against such property. Such sale by the executor or administrator discharges the property from the lien of the judgment or decree, but the same attaches to the proceeds thereof after deducting therefrom the expenses of sale."

■ The section last quoted amplifies the provisions of the other three sections above mentioned by dealing with such debts as have been established by judgment or decree in the lifetime of deceased; and its effect is limited and restricted to those judgments or decrees established in the decedent's lifetime upon which the court or judge has made an order that the same may be satisfied from the proceeds of the sale of the property.

■ When, upon a proper showing, an order of sale of real property is made in which is included the provisions that a judgment or decree therein specified shall be satisfied from the proceeds of such sale, then, and

then only, the lien of such judgment or decree against the property so sold is discharged and said lien attaches to the proceeds of said sale subject to the expenses thereof.

In the case at bar, the judgment lien of defendant, Liquidators, Inc., was not mentioned in the petition for the sale of the property in suit; no citation was served upon, and no appearance made in the probate proceedings by, said defendant. The probate court did not exercise or have any opportunity to exercise any discretion with respect to the manner in which said defendant's judgment should be discharged.

■ Such lien was in no wise affected by the administrator's sale of said property. It is stipulated herein that said defendant's judgment has not been paid or discharged in any other manner.

The provisions of section 6-1105, O. C. L. A., are controlling in this case. That section is as follows:

"Notwithstanding the death of a party after judgment, execution thereon against his property, or for the delivery of real or personal property, may be issued and executed in the same manner, and with the same effect, as if he were still living; but such execution shall not issue within six months from the granting letters testamentary or of administration upon the estate of such party, without leave of the county court or judge thereof." Vol. 1, O. C. L. A., p. 562.

The decree of the circuit court is affirmed.